## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| FRANK L. CARTER, C/O ULTIMATE HOME PROTECTOR PANS, INC.; § § §<br>Plaintiff, § § §<br>v. § §<br>EZ FLO INTERNATIONAL, CAMCO MANUFACTURING, HAIER US APPLIANCE OPERATIONS, LAMBRO INDUSTRIES, INC., WHIRLPOOL MFG., WALMART SUPER STORE(S), LOWES COMPANIES INC., HOME DEPOT, INC., TRACTOR SUPPLY STORE, MENARDS RETAIL COMPANY, AMAZON, EBAY, FAMOUS SUPPLY, FERGUSON ENTERPRISE INC., HAJOCA CORP., WINN SUPPLY, MUSTEE & SON INCORPORATED MFG., DURA FLEX PRODUCTS MFG., § § § § § §<br>Defendants. | CIVIL ACTION NO. 6:22-CV-00094-JDK |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court are Defendants' motions to dismiss (Doc. Nos. 26, 44, 50, 51, 54, 55, 56, 59, 61, 79, 84). According to the certificates of conference contained therein, Plaintiff, who is proceeding pro se, was served with the motions on the same day as filing—the last motion being filed on August 10, 2022. *Id.* Plaintiff filed responses to all motions other than docket numbers 79 and 84. (Doc. Nos. 86, 87, 88, 89, 90, 91, 92, 93, 94.)

# BACKGROUND

On March 14, 2022, Plaintiff Frank Carter, proceeding pro se, filed a complaint against Defendants EZ Flo International ("EZ Flo"), Camco Manufacturing ("Camco"), Haier US Appliance Operations ("Haier"), Lambro Industries, Inc. ("Lambro"), Whirlpool Mfg. ("Whirlpool"), Wal-Mart Super Stores ("Wal-Mart"), Lowes Companies, Inc. ("Lowes"), Home Depot Inc. ("Home Depot"), Tractor Supply Store ("Tractor Supply"), Menards Retail Company ("Menards"), Amazon, eBay, Famous Supply, Ferguson Enterprises Inc. ("Ferguson"), Hajoca Corp. ("Hajoca"), Winn Supply ("Winsupply"), Mustee & Son Incorporated Mfg. ("M&S"), and Dura Flex Products Mfg. ("Dura Flex") (collectively "Defendants"). (Doc. No. 1, at 3–5.) Plaintiff filed a motion to proceed *in forma pauperis*, which the court denied. (Doc. Nos. 2, 4.) Plaintiff then paid the filing fee and the court ordered Plaintiff to timely serve his complaint and summonses on the named Defendants in accordance with the Federal Rules of Civil Procedure. (Doc. No. 6.) Thereafter, several Defendants began filing motions to dismiss that are now before the court. On May 24, 2022, Menards and M&S filed a motion to dismiss (Doc. No. 26); on June 24, 2022, Camco, Haier, and Lowes filed a motion to dismiss (Doc. No. 44) as well as eBay (Doc. No. 50); on July 7, 2022, EZ Flo filed a motion to dismiss (Doc. No. 51); on July 8, 2022, Famous Supply filed a motion to dismiss (Doc. No. 54); on July 11, 2022, Dura Flex (Doc. No. 55), Tractor Supply (Doc. No. 56), Whirlpool (Doc. No. 59), and Winsupply (Doc. No. 61) all filed motions to dismiss; on August 4, 2022 Wal-Mart filed a motion to dismiss (Doc. No. 79); and on August 10, 2022 Lambro filed a motion to dismiss (Doc. No. 84). Amazon filed an answer on May 25, 2022. (Doc. No. 27.)

In his complaint, Plaintiff alleges that he is an inventor who worked in the large housing development industry and invented a low profile washer and/or dryer pan for new frontloading

washers and dryers. (Doc. No. 1, at 6.) Plaintiff states that these new low profile pans were designed to accommodate the pedestals for the new machines and prevent flood damage, while allowing the machines to be strong enough to stack. *Id.* Plaintiff alleges that on March 12, 2013, he received a U.S. Patent under the name "Dual Automatic Dryer and Washer Machine Pan Protective Basin." *Id.* at 7. Plaintiff then contends that he spoke with a Matt Varnell of Lowes who offered to have the low profile pans manufactured in Ningbo China, but that Plaintiff declined said offer. *Id.* Plaintiff alleges that approximately 12 to 16 months after his communications with Mr. Varnell, he discovered that Lowes was selling an infringing version of his low profile pans. *Id.* Plaintiff alleges that his invention that issued as U.S. Patent No. 8,393,351 ("the '351 Patent") is being manufactured by Big Injections Mold Company in Ningbo, China, and that infringing products are being imported and offered for sale and resale in the United States by "Lowes, Home Depot, Wal-Mart, Menards, Tractor Supply Store, Famous Plumbing, Winn Supply, Hajoca, Ferguson Enterprises, Amazon, and Ebay." *Id.* at 8. The remainder of Plaintiff's allegations relate to his efforts to remedy the alleged infringement, including filing a prior action in the Middle District of North Carolina, Case No. 1:19-cv-00280. *Id.* at 8–10. Attached to his complaint, Plaintiff includes his email communications with Mr. Varnell, his product samples, his communications with former President Trump's administration, as well as legal proceedings against his former attorney. (Doc. No. 1-1.)

Plaintiff's verified complaint alleges that EZ Flo's ("aka Eastman") "Low Profile Washing Machine Pan" embodies all the elements of, and therefore infringes, at least claim 6 of the '351 Patent. (Doc. No. 1-2, at ¶¶ 16, 24.) Plaintiff alleges that "[o]n information and belief, EZ Flo has a manufacturing and distribution organization that distributes its 'Low Profile Washing Machine Pan' from its plants and facilities located in North Eastern Texas and elsewhere" and that "EZ Flo

sells its 'Low Profile Washing Machine Pan' throughout the United States, including in Texas to national chain building & home supply retailers and wholesalers, such as Home Depot and Lowes, Amazon, eBay.com in both physical and online retail settings, as well as directly to customers and homeowners via its website." *Id.* at ¶ 17. Plaintiff further alleges that EZ Flo has had actual knowledge, or at least constructive knowledge, of its infringement of the '351 Patent since no later than 2013, at which time the commercially available Driptite Low profile Washer & Dryer Pan product covered by the '351 Patent was properly marked pursuant to 35 U.S.C. Section 287(a). *Id.* at ¶¶ 26, 29. To his verified complaint, Plaintiff attaches a copy of the '351 Patent, of his patented Driptite products, and the alleged infringing "Eastman" product. (Doc. No. 1-3.)

## LEGAL STANDARD

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal,* 501 F.3d at 1356 (internal quotations omitted); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 243 (5th Cir. 2010). Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684–85 (2009) (applying *Twombly* generally to civil actions pleaded under Rule 8). "'[D]etailed factual allegations'" are not required. *Iqbal,* 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

4

*Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

## DISCUSSION

The following Defendants have filed motions to dismiss in this matter: Menards and M&S (Doc. No. 26); Camco, Haier, and Lowes (Doc. No. 44); eBay (Doc. No. 50); EZ Flo (Doc. No. 51); Famous Supply (Doc. No. 54); Dura Flex (Doc. No. 55); Tractor Supply (Doc. No. 56); Whirlpool (Doc. No. 59); Winsupply (Doc. No. 61); Wal-Mart (Doc. No. 79); and Lambro (Doc. No. 84). To date, there have been no responsive pleadings filed by Home Depot, Ferguson, or Hajoca. Amazon has filed an answer (Doc. No. 27). The court will address each motion in turn, as well as Defendants who have not yet filed a responsive pleading or otherwise appeared in this action.

### I.    Menards and M&S (Doc. No. 26)

Defendants Menards and M&S move first to dismiss this action for lack of personal jurisdiction, arguing that Plaintiff has alleged no facts that they have purposefully directed their activities at residents of Texas. (Doc. No. 26, at 3–4.) Defendants argue that M&S is resident of Ohio that does all manufacturing and distributing in Ohio and that Menards is headquartered in Wisconsin and does not have any retail stores in Texas. *Id.* at 4. Defendants further argue that Plaintiff has failed to plead facts that Defendants engaged in the requisite continuous and systematic contacts that would warrant application of general personal jurisdiction. *Id.* Defendants further argue that Plaintiff's complaint should be dismissed for failure to state a claim because

Menards is only named once in the complaint and M&S is not named at all, and the conclusory allegations fail to state a claim for patent infringement. *Id.* at 6–9. Defendants alternatively request a more definite statement. *Id.* at 9–10. Plaintiff responds that he has asserted a claim of infringement against Menards and M&S for infringement of claim 6 of the '351 Patent through the offering for sale and resale of their low profile, low lip, washer pan product. (Doc. No. 86, at 4.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

### a. Personal Jurisdiction

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing personal jurisdiction over a non-resident, "but it need only make a *prima facie* case" if the district court does not conduct an evidentiary hearing.[1] *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "In considering a motion to dismiss for lack of personal jurisdiction, a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Johnston*, 523 F.3d at 609 (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)) (internal citations omitted). On the other hand, a court is not required to credit conclusory allegations even if they are uncontroverted. *See Panda Brandywine Corp. v.*

---

[1] The court did not conduct an evidentiary hearing; therefore, Plaintiff need only make a *prima facie* showing to establish jurisdiction in Texas. *See Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242 (5th Cir. 2008) (partial grant of plaintiff's motion for jurisdictional discovery was inadequate to justify raising plaintiff's burden above the *prima facie* level).

*Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)) ("[T]he law does not require us to struthiously [sic] credit conclusory [jurisdictional] allegations or draw farfetched inferences.").

"Federal Circuit law governs the issue of personal jurisdiction in this patent-related case." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). The Federal Circuit, however, defers to the law of the local circuit on questions that are "purely procedural" or not unique to patent law. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1561 (Fed. Cir. 1994). For personal jurisdiction to exist, jurisdiction must exist under the state long arm statute and must be consistent with limitations of the due process clause. *See Tritec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Because the Texas long arm statute is co-extensive with the limits of due process, the two inquiries collapse into the question of whether the court's exercise of personal jurisdiction over a defendant comports with constitutional due process. *See Langton v. Cbeyond Comm, LLC,* 282 F. Supp. 2d, 504, 508 (E.D. Tex. 2003). Thus, a defendant is subject to personal jurisdiction if it has "minimum contacts" with the forum and if exercise of jurisdiction over the nonresident does not offend traditional notions of "fair play and substantial justice." *Deprenyl*, 297 F.3d at 1350–51. The plaintiff holds the burden of establishing minimum contacts, but the defendant holds the burden of demonstrating the presence of other considerations that render the exercise of jurisdiction unreasonable. *See Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Personal jurisdiction is either specific or general in nature. General jurisdiction arises when a non-resident defendant's "continuous corporate operations within a state [are] so substantial and of such nature as to justify suit…*on causes of action arising from dealings entirely distinct from those activities.*" *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310, 318 (1945)) (emphasis in original). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id*. at 760 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  "With respect to a corporation, the place of incorporation and the principal place of business are 'paradig[m]…bases for general jurisdiction.'" *Id.*  (internal citations omitted).

Specific jurisdiction exists when the cause of action arises out of, or relates to, the defendant's contact with the forum, even if those contacts are isolated and sporadic.  *See Tritec*, 395 F.3d at 1279.  Specific jurisdiction "has taken a restrictive view between causes of action and contacts . . . requir[ing] virtually a direct link between [the] claim and contacts." *Gorman v. Grand Casino Coushatta*, 1 F. Supp. 2d. 656, 658 (E.D. Tex. 1998)(Schell, J.).  Additionally, those contacts must purposefully be established by the defendant.  *See Burger King v. Rudzewicz*, 471 U.S. 462, 476 n.18 (1985) ("some single or occasional acts related to the forum may not be sufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the forum").

Here, Plaintiff has failed to plead any facts related to personal jurisdiction as to Defendants Menards and M&S. Plaintiff alleges no facts with respect to M&S who is not even named in the complaint other than by being listed on the initial pages as a named Defendant. (Doc. No. 1.) As to Menards, Plaintiff only states that he believes infringing products are being offered for sale at Menards retail stores. *Id.* at 8. Plaintiff alleges no facts regarding any contacts either Menards or M&S have with the state of Texas, such as, for example, where the alleged infringing products are being sold or offered for sale. While Plaintiff's response to the motion asserts that infringing products are sold online and shipped to Texas, Plaintiff has failed to plead any such allegations.

(Doc. No. 86, at 4.) As such, even taking the asserted allegations as true, the court cannot determine that it has personal jurisdiction over either Menards or M&S and therefore **RECOMMENDS** that Defendants' motion (Doc. No. 26) be granted for lack of personal jurisdiction.

## II.    Camco, Haier, and Lowes (Doc. No. 44)

Defendants Camco, Haier,[2] and Lowes argue that Plaintiff's complaint should be dismissed because it is barred by the doctrines of res judicata and collateral estoppel and because Plaintiff fails to state a claim for patent infringement. (Doc. No. 44.) Alternatively, Defendants ask for a more definite statement. *Id.* Plaintiff responds that he has asserted a claim of infringement against Camco, Haier, and Lowes for infringement of claim 6 of the '351 Patent through the offering for sale and resale of an infringing product. (Doc. No. 87, at 4.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

As an initial matter, the court will not at this time consider the arguments of res judicata and collateral estoppel as Plaintiff has failed to state a claim against Camco, Haier, and Lowes. Such arguments may be re-reraised for consideration at a time if and when a plausible claim is alleged by Plaintiff.

As to Defendant Camco, Plaintiff alleges that it is manufacturing an infringing product in Ningbo, China. (Doc. No. 1, at 3.) Plaintiff, however, does not identify any infringing products alleged to be manufactured by Camco, nor does he make any attempt to assert which claims of the '351 Patent are being infringed by any such products in his complaint. In his attached verified complaint, Plaintiff makes only allegations as to Defendant EZ Flo and asserts that an "Eastman" labeled product is infringing at least claim 6 of the '351 Patent. (Doc. No. 1-2, at ¶¶ 16, 24.) However, Plaintiff makes no effort to factually connect this alleged infringing product to

---

[2] Defendants also argue that Haier US Appliance Operations, the correct named entity, should be dismissed for lack of personal jurisdiction. (Doc. No. 44, at 15.)

Defendant Camco. In fact, Plaintiff's verified complaint states that said product is being manufactured by EZ Flo, implying that Camco is not involved in the manufacturing of those products. *Id.* at ¶ 17. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.) It is only in his response to Camco's motion that he alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 87, at 4.) Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* citing Doc. No. 1-3, at 18. However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant Camco. The court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them. As such, the court finds Plaintiff's factual allegations insufficient to state a claim for infringement against Defendant Camco.

As to Defendant Haier, Plaintiff has failed to plead any facts related to personal jurisdiction as to Defendant Haier. Plaintiff alleges only that Haier is located in Kentucky and that it is allegedly manufacturing infringing products in Ningbo, China. (Doc. No. 1, at 3.) Plaintiff alleges no facts regarding any contacts Haier has with the state of Texas. Plaintiff's statement in his responsive brief that products are being shipped to all fifty states, including Texas, does not cure this insufficiency. (Doc. No. 87, at 4.) As such, even taking the asserted allegations as true, the court cannot determine that it has personal jurisdiction over Defendant Haier.

As to Defendant Lowes, Plaintiff alleges that an infringing product is being offered for sale here in the United States at Lowes. (Doc. No. 1, at 8.) Similarly, Plaintiff fails to identify any alleged infringing product being sold or any purported claim of the '351 Patent that is being infringed. Such allegations fall short of sufficiency to state a claim. In his verified complaint, Plaintiff alleges that EZ Flo's alleged infringing "Low Profile Washing Machine Pan" is being distributed to wholesalers and retailers such as Lowes. (Doc. No. 1-2, at ¶ 17.) However, even this allegation merely suggests that EZ Flo is distributing an alleged infringing product and does not suggest Lowes is selling any alleged infringing products in violation of 35 U.S.C. § 271. Again, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.)

It is only in his response to Lowes's motion that he alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 87, at 4.) Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* citing Doc. No. 1-3, at 18.  However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant Lowes. The court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them. Thus, the court finds that Plaintiff has failed to state a claim of infringement against Defendant Lowes.

The court **RECOMMENDS** that Defendants' motion (Doc. No. 44) be granted for failure to state a claim as to Defendants Camco and Lowes, and granted as to Defendant Haier for lack of personal jurisdiction.

### III.  eBay (Doc. No. 50)

Defendant eBay argues that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 50.) Specifically, eBay argues that the allegations have failed to identify any infringing product or recite facts that could plausibly give rise to infringement. *Id.* Plaintiff responds that he has asserted a claim of infringement against eBay for infringement of claim 6 of the '351 Patent through the offering for sale and resale of an infringing product. (Doc. No. 88, at 4.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

Plaintiff alleges that an infringing product is being offered for sale here in the United States through "eBay online stores." (Doc. No. 1, at 8.) Again, Plaintiff fails to identify any alleged infringing product being sold or any purported claim of the '351 Patent that is being infringed with regard to this allegation. Such allegations fall short of sufficiency to state a claim. In his verified complaint, Plaintiff alleges that EZ Flo's alleged infringing "Low Profile Washing Machine Pan" is being distributed to wholesalers and retailers such as eBay.com. (Doc. No. 1-2, at ¶ 17.) However, even this allegation merely suggests that EZ Flo is distributing an alleged infringing product and does not suggest that eBay is selling any alleged infringing products in violation of 35 U.S.C. § 271. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.)

It is only in his response to eBay's motion that he alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 88, at 4.) Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* citing Doc. No. 1-3, at 18. However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant eBay. The court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them. Thus, the court finds that Plaintiff has failed to state a claim of infringement against Defendant eBay.

The court **RECOMMENDS** that Defendant's motion (Doc. No. 50) be granted for failure to state a claim.

### IV.    EZ Flo (Doc. No. 51)

Defendant EZ Flo moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to effect proper service, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for improper joinder pursuant to 35 U.S.C § 299. (Doc. No. 51.) In his response, Plaintiff only generally states that an EZ Flo product infringes claim 6 of the '351 Patent. (Doc. No. 89, at 4.)

Turning first to the issue of service, EZ Flo argues that Plaintiff's service was ineffective because Plaintiff attempted to serve EZ Flo by sending the complaint and summons via certified mail himself. (Doc. No. 51, at 16.) Plaintiff cites to his certified mail receipts as proof of service. (Doc. No. 89, at 4.)

Federal Rule of Civil Procedure 12(b)(5) "'permits a challenge to the method of service attempted by the plaintiff,' or the lack of delivery of the summons and complaint" and authorizes the court to dismiss a case for insufficient service of process." *Cunningham v. Burns,* No. 3:12–CV–1824–L, 2013 WL 4505157, at *2 (N.D. Tex. Aug. 23, 2013) (quoting *Tinsely v. Comm'r of I.R.S.,* 3:96–CV–1769–P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998)); *see Wheeler v. Ceniza,* No. 3:12–CV–1898–L, 2013 WL 1091242, at *3 (N.D. Tex. Mar. 15, 2013). "Due process under the United States Constitution requires that before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum." *Winegarner v. Cinemark USA,* No. 3:08–CV–2232–N, 2009 WL 3199508, at *3 (N.D. Tex. Oct. 5, 2009) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97 (1987)).

"Where the validity of service is challenged under Rule 12, the plaintiff bears the burden to establish validity of service." *Tinsely,* 1998 WL 59481, at *3. The court, in making a determination on the validity of service "must look outside the complaint to determine what steps, if any, the plaintiff took to effect service." *Morris v. Liberty Mut. Ins. Co.,* 2009 WL 1941203, at *1 (E.D. La. July 7, 2009). "For a federal court to have personal jurisdiction over a defendant, the defendant must have been served with process in accordance with Rule 4." *See Pavlov v. Parsons,* 574 F.Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

As relevant here, pursuant to Texas Rule of Civil Procedure 106, process may be served by any person authorized by Rule 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Texas Rule 103 explicitly requires that process be served by "(1) any sheriff or constable or other

14

person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Tex. R. Civ. P. 103. Rule 103 also states that service by certified mail must be effected by the clerk of the court, if requested, and that "no person who is a party to or is interested in the outcome of a suit may serve any process in that suit." Tex. R. Civ. P. 103; *see also* Fed. R. Civ. P. 4(c)(2).

"Upon amendment of the relevant rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." *Lucky v. Haynes,* No. 3:12–CV–2609–B, 2013 WL 3054017, at *3 (N.D. Tex. June 18, 2013) (citing *Willis v. Lopez,* No. 3:10–CV–154–M, 2010 WL 4877273, at *1–2 (N.D. Tex. Dec. 1, 2010); *Isais v. Marmion Indus. Corp.,* No. H–09–3197, 2010 WL 723773, at *3 (S.D. Tex. Feb.24, 2010)).[3] When an authorized individual serves a defendant on behalf of a plaintiff using certified mail, Texas law mandates that the return receipt be signed by the addressee. Tex. R. Civ. P. 107(c); *Ayika v. Sutton,* 378 F. App'x 432, 434 (5th Cir. 2010); *Keeton v. Carrasco,* 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2011, pet denied).

In this case, summons was returned unexecuted by Plaintiff on May 18, 2022, showing that Plaintiff attempted service on EZ Flo via certified mail. (Doc. No. 23.) For Plaintiff's certified mail service of process to be valid, a copy of the summons and complaint must have been sent by an *authorized* uninterested party and served on the Defendant. *See* Tex. R. Civ. P. 103, 106(a)(2). However, in this case, there is no evidence that an authorized uninterested party mailed a copy of

---

[3] The Court notes that there is some conflicting authority regarding the interpretation of who is an authorized person in Rule 103 that can serve process by certified mail. *See, e.g., Delta Steamships Lines v. Albano,* 768 F.2d 728, 729 (5th Cir.1985) (explaining that Texas law empowers the sheriff, constable, and clerk of court to serve process); *Mori Seike USA, Inc. v. McIntyre,* No. 3:06–CV–2344–B, 2007 WL 2984658 (N.D. Tex. Oct. 12, 2007) (recognizing conflicting authority); *Kleppinger v. Assocs. Corp. of N. America,* No. 3:99–CV–1662–L, 2003 WL 22329032, at *2–3 (N.D. Tex. Oct.6, 2003) (observing that under Rule 106(a)(2), only the clerk of the court may serve process by certified or registered mail)).

the complaint with the summons. Rather, the unexecuted summons indicates that Plaintiff attempted to serve EZ Flo himself via certified mail. (Doc. No. 23.)

As discussed, Plaintiff has failed to effectuate proper service on Defendant EZ Flo. However, leniency in the technical requirements of service can be proper where a pro se litigant has made a good faith effort to perfect service and actual notice was achieved. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1014 (5th Cir. 1990) ("[A]ctual notice and [plaintiff's] efforts [to serve the defendants], coupled with his pro se status, arguably provide grounds for leniency in considering the technical imperfections of service."); *Winters v. Teledyne Movible Off-shore, Inc.*, 776 F.2d 1304, 1307 (5th Cir. 1985) (acknowledging the mitigating value of actual notice). When a court finds that leniency is appropriate, it may extend the deadline to achieve proper service under Rule 4(m). *E.g., Harvard v. F.M. Logistics, Inc.*, 252 F.R.D. 317, 318–19 (S.D. Miss. 2008). An extension is within the court's discretion regardless of whether a plaintiff has shown good cause for his failure to properly serve defendants. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Here, the record indicates that Plaintiff attempted to serve EZ Flo himself via certified mail. Indeed, EZ Flo received notice as it ultimately filed the instant motion to dismiss. Thus, although Plaintiff's effort did not constitute proper service of process, he did provide EZ Flo with actual notice of the suit. *See Hanna v. Plumer*, 380 U.S. 460, 462 n.1 (1965) ("[A]ctual notice is . . . the goal of Rule 4[.]").

As such, the court finds that an extension of the time to accomplish proper service is appropriate here. Plaintiff's deadline to accomplish proper service of process is extended to October 10, 2022. Any further extension of that deadline will be disfavored. Given this recommendation, the court will not consider the additional arguments raised in EZ Flo's motion to dismiss at this time. Those arguments may be re-reraised for consideration if and when Plaintiff

effectuates proper service. Moreover, should Plaintiff fail to timely comply with the court's order and fail to effectuate proper service by the deadline stated herein, EZ Flo may re-reraise its motion to dismiss. Accordingly, it is **RECOMMENDED** that EZ Flo's motion to dismiss (Doc. No. 51) be denied without prejudice to re-urging.

### V.    Famous Supply (Doc. No. 54)

Defendant Famous Supply argues that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 54.) Specifically, Famous Supply argues that Plaintiff has plead no facts specific to Famous Supply and has failed to identify how any alleged infringing product incorporates any feature of the asserted patent. *Id.* at 5.  Plaintiff responds that he has asserted a claim of infringement against Famous Supply for infringement of claim 6 of the '351 Patent through the offering for sale and resale of an infringing product. (Doc. No. 90, at 4.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

Here, the totality of Plaintiff's allegations with respect to Famous Supply state that an infringing product is being offered for sale here in the United States through "Famous Plumbing Supply." (Doc. No. 1, at 8.) Again, Plaintiff fails to identify any alleged infringing product being sold or any purported claim of the '351 Patent that is being infringed with regard to this allegation. Such allegations fall short of sufficiency to state a claim. Moreover, Plaintiff's verified complaint makes no mention of Famous Supply. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.)

It is only in his response to Famous Supply's motion that Plaintiff alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 90, at 4.) These vague assertions fail to identify any infringing product with specificity. Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* at 5, citing Doc. No. 1-3, at 18.   However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant Famous Supply as the verified complaint fails to even mention Famous Supply. Moreover, the court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them. As such, the court **RECOMMENDS** that Defendant's motion (Doc. No. 54) be granted for failure to state a claim.

### VI.    Dura Flex (Doc. No. 55)

Defendant Dura Flex argues that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 55.) Specifically, Dura Flex argues that Plaintiff has plead no facts specific to Dura Flex and has failed to identify any infringing product. *Id.* at 5.   Dura Flex alternatively asks for a more definite statement. *Id.* at 6. Plaintiff responds that he has asserted a claim of infringement against Dura Flex for infringement of claim 6 of the '351 Patent through the offering for sale and resale of an infringing product. (Doc. No. 91, at 4.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

Here, Plaintiff has not listed any facts with respect to Dura Flex other than to name Dura Flex on the coversheet as a Defendant. (Doc. No. 1, at 5.) Again, Plaintiff fails to identify any

alleged infringing product being sold or any purported claim of the '351 Patent that is being infringed with regard to this allegation. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.) Such allegations fall short of sufficiency to state a claim. Moreover, Plaintiff's verified complaint makes no mention of Dura Flex.

It is only in his response to Dura Flex's motion that Plaintiff alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 91, at 4.) These vague assertions fail to identify any infringing product with specificity. Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* at 5, citing Doc. No. 1-3, at 18. However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant Dura Flex as the verified complaint fails to even mention Dura Flex. Moreover, the court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them. As such, the court **RECOMMENDS** that Defendant's motion (Doc. No. 55) be granted for failure to state a claim.

## VII.    Tractor Supply (Doc. No. 56)

Defendant Tractor Supply argues that Plaintiff's claim should be dismissed under the doctrine of collateral estoppel and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 56.) Specifically, Tractor Supply argues that Plaintiff already had a full and fair opportunity to litigate the issue of whether the '351 Patent is being infringed by single-

wide drip pans, and that Plaintiff has failed to state a claim against Tractor Supply because Plaintiff fails to connect any alleged infringing product sold by Tractor Supply regarding what claim or claims might be infringed. *Id.* at 6–14. Tractor Supply alternatively asks for a more definite statement. *Id.* at 16. Plaintiff responds that he has asserted a claim of infringement against Tractor Supply for infringement of claim 6 of the '351 Patent through the offering for sale and resale of an infringing product. (Doc. No. 92, at 4.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

As an initial matter, the court will not at this time consider the argument of collateral estoppel as Plaintiff has failed to state a claim against Tractor Supply. Such arguments may be re-reraised for consideration at a time if and when a plausible claim is alleged by Plaintiff.

Here, the totality of Plaintiff's allegations with respect to Tractor Supply state that an infringing product is being offered for sale here in the United States through "Tractor Supply Store." (Doc. No. 1, at 8.) Again, Plaintiff fails to identify any alleged infringing product being sold or any purported claim of the '351 Patent that is being infringed with regard to this allegation. Such allegations fall short of sufficiency to state a claim. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.) Moreover, Plaintiff's verified complaint makes no mention of Tractor Supply.

It is only in his response to Tractor Supply's motion that Plaintiff alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 92, at 4.) These vague assertions fail to identify any infringing product with specificity. Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* at 5,

citing Doc. No. 1-3, at 18.  However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant Tractor Supply as the verified complaint fails to even mention Tractor Supply. Moreover, the court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them. As such, the court **RECOMMENDS** that Defendant's motion (Doc. No. 56) be granted for failure to state a claim.

## VIII.   Whirlpool (Doc. No. 59)

Defendant Whirlpool argues that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 59.) Specifically, Whirlpool argues that the complaint fails to allege any specific accused product or device that Whirlpool makes, uses, or sells, and fails to allege facts that would suggest any accused product meets the element of any claim of the asserted patent. (Doc. No. 59, at 5–7.)  Alternatively, Whirlpool asks for a more definite statement. *Id.* at 7. Plaintiff responds that he has asserted a claim of infringement against Whirlpool for infringement of claim 6 of the '351 Patent through the offering for sale and resale of an infringing product. (Doc. No. 93, at 4.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

Here, the totality of Plaintiff's allegations with respect to Whirlpool lists them as a named Defendant and states that they manufacture an infringing product in Ningbo, China. (Doc. No. 1, at 4.) Plaintiff, however, does not identify any infringing products alleged to be manufactured by Whirlpool, nor does he make any attempt to assert which claims of the '351 Patent are being infringed by any such products. In his attached verified complaint, Plaintiff makes only allegations

21

as to Defendant EZ Flo and asserts that an "Eastman" labeled product is infringing at least claim 6 of the '351 Patent. (Doc. No. 1-2, at ¶¶ 16, 24.) However, Plaintiff makes no effort to factually connect this alleged infringing product to Whirlpool. In fact, Plaintiff's verified complaint states that said product is being manufactured by EZ Flo, implying that Whirlpool is not involved in the manufacturing of those products. *Id.* at ¶ 17. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.)

It is only in his response to Whirlpool's motion that Plaintiff alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 93, at 4.) These vague assertions fail to identify any infringing product with specificity. Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* at 5, citing Doc. No. 1-3, at 18.  However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant Whirlpool. Moreover, the court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them.

The court **RECOMMENDS** that Whirlpool's motion (Doc. No. 59) be granted for failure to state a claim.

## IX.    Winsupply (Doc. No. 61)

Defendant Winsupply argues that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 61.) Specifically,

Winsupply argues that Plaintiff has plead no facts specific to Winsupply and has failed to identify how any alleged infringing product incorporates any feature of the asserted patent. *Id.* at 5–6. Alternatively, Winsupply asks for a more definite statement. *Id.* at 7. Plaintiff responds that he has asserted a claim of infringement against Winsupply for infringement of claim 6 of the '351 Patent through the offering for sale and resale of an infringing product. (Doc. No. 94, at 5.) Plaintiff contends that these products are sold online and they are shipped to all fifty states, including Texas. *Id.*

Here, the totality of Plaintiff's allegations with respect to Winsupply state that an infringing product is being offered for sale here in the United States through "Winn Supply". (Doc. No. 1, at 8.) Again, Plaintiff fails to identify any alleged infringing product being sold or any purported claim of the '351 Patent that is being infringed with regard to this allegation. Such allegations fall short of sufficiency to state a claim. Moreover, Plaintiff's verified complaint makes no mention of Winsupply. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.)

It is only in his response to Winsupply's motion that Plaintiff alleges that a "infringing product" infringes claim 6 of the '351 Patent. (Doc. No. 94, at 5.) These vague assertions fail to identify any infringing product with specificity. Although Plaintiff does not specify the infringing product, he appears to reference an Eastman product asserted in his verified complaint. *Id.* at 5–6, citing Doc. No. 1-3, at 18.  However, as discussed, the verified complaint makes no factual allegations to connect any infringing product to Defendant Winsupply as the verified complaint fails to even mention Winsupply. Moreover, the court cannot interpret Plaintiff's response as part of his allegations in this matter, particularly where Plaintiff has filed nine separate responses

relating to multiple Defendants. Even construing his filings liberally, the allegations are insufficient to put Defendants on notice of the claims that are being asserted against them.

As such, the court **RECOMMENDS** that Defendant's motion (Doc. No. 61) be granted for failure to state a claim.

### X.    Wal-Mart (Doc. No. 79)

Defendant Wal-Mart moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to effect proper service and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 79.) Plaintiff has failed to timely file a response to Wal-Mart's motion and has not requested an extension. As such, the court presumes Plaintiff has no response in opposition. *See* L.R. CV-7(d)("[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

Turning first to the issue of service, Wal-Mart argues that Plaintiff's service was ineffective because Plaintiff attempted to serve Wal-Mart by sending the complaint and summons via certified mail himself. (Doc. No. 79, at 6.)

As discussed with respect to Defendant EZ Flo, "federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." *Lucky*, No. 3:12–CV–2609–B, 2013 WL 3054017, at *3 (N.D. Tex. June 18, 2013) (citing *Willis v. Lopez*, No. 3:10–CV–154–M, 2010 WL 4877273, at *1–2 (N.D. Tex. Dec. 1, 2010); *Isais v. Marmion Indus. Corp.*, No. H–09–3197, 2010 WL 723773, at *3 (S.D. Tex. Feb.24, 2010)).

As to Wal-Mart, Plaintiff returned summons on May 19, 2022, showing that Plaintiff attempted service on Wal-Mart via certified mail. (Doc. No. 31.) For Plaintiff's certified mail

service of process to be valid, a copy of the summons and complaint must have been sent by an authorized uninterested party and served on the Defendant. *See* Tex. R. Civ. P. 103, 106(a)(2). However, in this case, there is no evidence that an authorized uninterested party mailed a copy of the complaint with the summons. Rather, the unexecuted summons indicates that Plaintiff attempted to serve Wal-Mart himself via certified mail. (Doc. No. 31.)  For the reasons discussed above, the court finds that an extension of the time to accomplish proper service is appropriate here. Plaintiff's deadline to accomplish proper service of process is extended to October 10, 2022. Any further extension of that deadline will be disfavored. Given this recommendation, the court will not consider the additional arguments raised in Wal-Mart's motion to dismiss at this time. Those arguments may be re-reraised for consideration if and when service is properly effectuated. Moreover, should Plaintiff fail to timely comply with the court's order and fail to effectuate proper service by the deadline stated herein, Wal-Mart may re-reraise its motion to dismiss. Accordingly, it is **RECOMMENDED** that Wal-Mart's motion to dismiss (Doc. No. 79) be denied without prejudice to re-urging.

### XI.    Lambro (Doc. No. 84)

Defendant Lambro argues that Plaintiff's claim should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 84.) Specifically, Lambro argues that Plaintiff has plead no facts specific to Lambro and has failed to identify any infringing product. *Id.* at 5.  Lambro alternatively asks for a more definite statement. *Id.* at 7. Plaintiff has failed to timely file a response to Lambro's motion and has not requested an extension. As such, the court presumes Plaintiff has no response in opposition. *See* L.R. CV-7(d)("[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

Here, Plaintiff has not listed any facts with respect to Lambro other than to name Lambro as a Defendant. (Doc. No. 1, at 4, 7.) Again, Plaintiff fails to identify any alleged infringing product being sold or any purported claim of the '351 Patent that is being infringed with regard to this allegation. Further, Plaintiff's statement that he "would like to put forth all of the other infringing parties from DFT #2 thru DFT #17," implying some kind of requested bifurcation of the substance of this action, is unclear and insufficient to state a claim. (Doc. No. 1, at 12.) Such allegations fall short of sufficiency to state a claim. Moreover, Plaintiff's verified complaint makes no mention of Lambro. As such, the court **RECOMMENDS** that Defendant's motion (Doc. No. 84) be granted for failure to state a claim.

## XII.    Remaining Defendants

Defendants Amazon, Home Depot, Ferguson, and Hajoca have not filed responsive motions to Plaintiff's complaint. As discussed, Amazon has filed an answer in this action. (Doc. No. 27.) Summons were returned unexecuted as to Defendants Ferguson and Home Depot. (Doc. No. 23.) Summons was returned executed as to Defendant Hajoca, but it appears that service was not properly effectuated as Plaintiff mailed the summons and complaint himself via certified mail. (Doc. No. 15-6.) As discussed above, such means of service is insufficient. Presumably, given the failures to effect proper service on Home Depot, Ferguson, and Hajoca, those Defendants have not answered or otherwise appeared in this matter. The court finds that an extension of the time to accomplish proper service is appropriate here. Plaintiff's deadline to accomplish proper service of process is extended to October 10, 2022 as to Defendants Home Depot, Ferguson, and Hajoca. Any further extension of that deadline will be disfavored.

## CONCLUSION

For the reasons stated herein, the court **RECOMMENDS** the following:

- Menards and M&S's motion to dismiss (Doc. No. 26) be granted for lack of personal jurisdiction;

- Defendants' motion (Doc. No. 44) be granted for failure to state a claim as to Defendants Camco and Lowes, and granted as to Defendant Haier for lack of personal jurisdiction;

- eBay's motion to dismiss (Doc. No. 50) be granted for failure to state a claim;

- EZ Flo's motion to dismiss (Doc. No. 51) be denied without prejudice to re-urging. Plaintiff shall have until October 10, 2022 to accomplish proper service;

- Famous Supply's motion to dismiss (Doc. No. 54) be granted for failure to state a claim;

- Dura Flex's motion to dismiss (Doc. No. 55) be granted for failure to state a claim;

- Tractor Supply's motion to dismiss (Doc. No. 56) be granted for failure to state a claim;

- Whirlpool's motion to dismiss (Doc. No. 59) be granted for failure to state a claim;

- Winsupply's motion to dismiss (Doc. No. 61) be granted for failure to state a claim;

- Wal-Mart's motion to dismiss (Doc. No. 79) be denied without prejudice to re-urging. Plaintiff shall have until October 10, 2022 to accomplish proper service;

- Lambro's motion to dismiss (Doc. No. 84) be granted for failure to state a claim;

- Plaintiff shall have until October 10, 2022 to return properly executed service on Defendants Home Depot, Ferguson, and Hajoca.

It is further **RECOMMENDED** that Plaintiff, proceeding pro se, should first be given the opportunity to amend his complaint to address the deficiencies noted above. *See Eason v. Thaler*,

14 F.3d 8 (5th Cir. 1994). Plaintiff's amended complaint should contain facts specific to each named Defendant and address the deficiencies discussed herein. Plaintiff's amended complaint in this federal action should not focus on his attempts to seek justice through the former presidential administration, but rather should focus specifically on the asserted claims, the asserted infringing products, and how those products infringe the claims of the '351 Patent. Again, those facts must be specific as to each named Defendant. As to service, Plaintiff shall have until October 10, 2022 to cure any service issues with respect to Defendants discussed herein.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 2nd day of September, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE