IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FRANK L. CARTER, c/o ULTIMATE HOME PROTECTOR PANS, INC.; <br><br> Plaintiff, <br><br> v. <br><br> EZ FLO INTERNATIONAL, et al., <br><br> Defendants. | § § § § § § § § § § § § § | Case No. 6:22-cv-94-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Frank Carter, proceeding *pro se*, filed this patent infringement action on March 14, 2022. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the action.

Before the Court are several motions to dismiss by various Defendants. On September 2, 2022, Judge Love issued a Report making the following recommendations. Docket No. 96. The Report recommends that the Court **GRANT** the following motions to dismiss for failure to state a claim:

- Camco and Lowes's motion to dismiss (Docket No. 44);
- eBay's motion to dismiss (Docket No. 50);
- Famous Supply's motion to dismiss (Docket No. 54);
- Dura Flex's motion to dismiss (Docket No. 55);
- Tractor Supply's motion to dismiss (Docket No. 56);

1

- Whirlpool's motion to dismiss (Docket No. 59);

- Winsupply's motion to dismiss (Docket No. 61); and

- Lambro's motion to dismiss (Docket No. 84).

The Report recommends that the Court **GRANT** the following motions to dismiss for lack of personal jurisdiction:

- Menards and M&S's motion to dismiss (Docket No. 26); and

- Haier's motion to dismiss (Docket No. 44).

The Report further recommends that the Court **DENY** the following motions to dismiss without prejudice to re-urging and to allow Plaintiff until October 10, 2022, to accomplish proper service on Defendants:

- EZ Flo's motion to dismiss (Docket No. 51); and

- Wal-Mart's motion to dismiss (Docket No. 79).

Finally, the Report recommends allowing Plaintiff until October 10, 2022, to return properly executed service on Defendants Home Depot, Ferguson, and Hajoca.

On September 21, 2022, and October 17, 2022, Judge Love granted Plaintiff extensions of time to object to the Report, ultimately extending the deadline for objections to November 15, 2022, and stating that no further extensions would be granted. Docket Nos. 99, 103. Despite the significant extension, Plaintiff has not timely filed any objections to the Magistrate Judge's Report.

Instead, Plaintiff has moved for a hearing (Docket No. 102) and moved for an extension of time (Docket No. 106). Plaintiff's motions, however, do not state a basis for a hearing and do not specifically request an extension of time. The Court finds no

present basis for a hearing in this matter and finds any further extension of time unmerited as Plaintiff has already been granted two extensions and has had more than sixty days to object to the Magistrate Judge's Report but has failed to do so. Rather than request an extension, Plaintiff's motion (Docket No. 106) requests that the undersigned meet with Plaintiff regarding his case and complains that he never consented to a Magistrate Judge presiding over his case. Docket No. 106 at 2.

To the extent that Plaintiff is objecting to the Report on the grounds that the case was referred to a Magistrate Judge, Plaintiff does not possess a due process right regarding the referral of a case to a Magistrate Judge. A District Judge may refer pre-trial and preliminary matters to a Magistrate Judge to issue a Report and Recommendation or other pretrial order, for which no consent is required. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir. 2002). Plaintiff's objection is therefore **OVERRULED**. Further, the Court hereby **DENIES** Plaintiff's motions for a hearing and for an extension of time in order to confer (Docket Nos. 102, 106).

As to the Report itself, Plaintiff has presented no objections, and the Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918, (1989) (holding that where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is **ORDERED** that the Report of the United States Magistrate Judge (Docket No. 96) is **ADOPTED** as the opinion of the Court. Menards and M&S's

motion to dismiss (Docket No. 26) is **GRANTED** for lack of personal jurisdiction; Defendants' motion (Docket No. 44) is **GRANTED** for failure to state a claim as to Defendants Camco and Lowes, and **GRANTED** as to Defendant Haier for lack of personal jurisdiction; eBay's motion to dismiss (Docket No. 50) is **GRANTED** for failure to state a claim; EZ Flo's motion to dismiss (Docket No. 51) is **DENIED** without prejudice to re-urging; Famous Supply's motion to dismiss (Docket No. 54) is **GRANTED** for failure to state a claim; Dura Flex's motion to dismiss (Docket No. 55) is **GRANTED** for failure to state a claim; Tractor Supply's motion to dismiss (Docket No. 56) is **GRANTED** for failure to state a claim; Whirlpool's motion to dismiss (Docket No. 59) is **GRANTED** for failure to state a claim; Winsupply's motion to dismiss (Docket No. 61) is **GRANTED** for failure to state a claim; Wal-Mart's motion to dismiss (Docket No. 79) is **DENIED** without prejudice to re-urging; and Lambro's motion to dismiss (Docket No. 84) is **GRANTED** for failure to state a claim.

Because the Magistrate Judge has recommended that Plaintiff, proceeding pro se, be first given an opportunity to amend, and the Court agrees with the recommendation, *see Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994), the Court will not at this time determine whether Plaintiff's claims should be dismissed with or without prejudice as to each Defendant whose motion has been granted herein. Rather, it is **ORDERED** that Plaintiff shall have **14 days** from the receipt of this Order to file an amended complaint that addresses the deficiencies set forth herein and in the Report. Plaintiff's amended complaint should focus on his asserted claims, the asserted infringing products, and how those products infringe the claims of the Patent-In-Suit.

Moreover, to date, Plaintiff has also not cured any service issues with respect to Defendants who were not properly served in this matter. Accordingly, it is **ORDERED** that Plaintiff shall have **14 days** from receipt of this Order to return properly executed service on Defendants EZ Flo, Wal-Mart, Home Depot, Ferguson, and Hajoca.

Failure to comply with this Order may result in dismissal of this action.

So **ORDERED** and **SIGNED** this **21st** day of **November, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE