IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FRANK L. CARTER, C/O ULTIMATE HOME PROTECTOR PANS, INC.;<br><br>Plaintiff,<br><br>v.<br><br>EZ FLO INTERNATIONAL, CAMCO MANUFACTURING, HAIER US APPLIANCE OPERATIONS, LAMBRO INDUSTRIES, INC., WHIRLPOOL MFG., WALMART SUPER STORE(S), LOWES COMPANIES INC., HOME DEPOT, INC., TRACTOR SUPPLY STORE, MENARDS RETAIL COMPANY, AMAZON, EBAY, FAMOUS SUPPLY, FERGUSON ENTERPRISE INC., HAJOCA CORP., WINN SUPPLY, MUSTEE & SON INCORPORATED MFG., DURA FLEX PRODUCTS MFG.,<br><br>Defendants. | § § § § § § § § § § § § § § § §  CIVIL ACTION NO. 6:22-CV-00094-JDK |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Plaintiff Frank Carter ("Plaintiff"), proceeding *pro se*, filed this patent infringement lawsuit on March 14, 2022 against Defendants EZ Flo International ("EZ Flo"), Camco Manufacturing ("Camco"), Haier US Appliance Operations ("Haier"), Lambro Industries, Inc. ("Lambro"), Whirlpool Mfg. ("Whirlpool"), Wal-Mart Super Stores ("Wal-Mart"), Lowes Companies, Inc. ("Lowes"), Home Depot Inc. ("Home Depot"), Tractor Supply Store ("Tractor Supply"), Menards Retail Company ("Menards"), Amazon, eBay, Famous Supply, Ferguson Enterprises Inc. ("Ferguson"), Hajoca Corp. ("Hajoca"), Winn Supply ("Winsupply"), Mustee & Son

1

Incorporated Mfg. ("M&S"), and Dura Flex Products Mfg. ("Dura Flex") (collectively "Defendants"). (Doc. No. 1, at 3–5.)

On September 2, 2022, the undersigned issued a report and recommendation, (Doc. No. 96), making the following recommendations: (1) Menards and M&S's motion to dismiss (Doc. No. 26) be granted for lack of personal jurisdiction; (2) Defendants' motion (Doc. No. 44) be granted for failure to state a claim as to Defendants Camco and Lowes, and granted as to Defendant Haier for lack of personal jurisdiction; (3) eBay's motion to dismiss (Doc. No. 50) be granted for failure to state a claim; (4) EZ Flo's motion to dismiss (Doc. No. 51) be denied without prejudice to re-urging, granting an extension to accomplish proper service; (5) Famous Supply's motion to dismiss (Doc. No. 54) be granted for failure to state a claim; (6) Dura Flex's motion to dismiss (Doc. No. 55) be granted for failure to state a claim; (7) Tractor Supply's motion to dismiss (Doc. No. 56) be granted for failure to state a claim; (8) Whirlpool's motion to dismiss (Doc. No. 59) be granted for failure to state a claim; (9) Winsupply's motion to dismiss (Doc. No. 61) be granted for failure to state a claim; (10) Wal-Mart's motion to dismiss (Doc. No. 79) be denied without prejudice to re-urging, and granting an extension to accomplish proper service; (11) Lambro's motion to dismiss (Doc. No. 84) be granted for failure to state a claim; and (12) Plaintiff shall properly and timely execute service on Defendants Home Depot, Ferguson, and Hajoca. (Doc. No. 96.) Plaintiff then received several extensions to respond to the report and recommendation. (Doc. Nos. 99, 103.)

On November 21, 2022, District Judge Jeremy Kernodle adopted the report and recommendation (Doc. No. 96) of the undersigned and ordered that Plaintiff shall have 14 days from receipt of the court's order to file an amended complaint to address the deficiencies identified in the report and recommendation and to timely serve the remaining Defendants. (Doc. No. 107.)

The court warned that failure to comply with the court's order may result in dismissal of this action. (Doc. No. 107, at 5.) On November 28, 2022, Plaintiff received the court's order. (Doc. No. 108.) Plaintiff did not respond or otherwise timely amend his complaint as ordered by the court. Further, there is no evidence of return of service as to the unserved Defendants in this matter.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed.R.Civ.P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Plaintiff has not filed an amended complaint and his current complaint fails to state a claim upon which relief can be granted; thus, Plaintiff's claims are subject to dismissal. Moreover, as to Defendants EZ Flo, Wal-Mart, Home Depot, Ferguson, and Hajoca, Plaintiff has failed to timely execute service of the original complaint and summonses despite instructions on how to complete service and a generous amount of time to do so.

Because Plaintiff has failed to timely comply with a court order, and, as detailed herein and in the court's prior orders (Doc. Nos. 96, 107), Plaintiff has failed to state a claim upon which relief can be granted and failed to execute service, the court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that

party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 28th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE